UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRADLEY J. HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-00956-TWP-DML |
| | ) |
| INDIANA PAROLE BOARD, et al. | ) |
| | ) |
| Defendants. | ) |

**Order Screening and Dismissing Complaint and
Setting Deadline to File Amended Complaint**

Plaintiff Bradley J. Harris brings this civil rights action alleging that the defendants wrongly penalized him for refusing to admit guilt to a sex offense for which he was convicted and sentenced to prison. The complaint is now subject to screening.

**I.     Screening Standard**

Because Mr. Harris is proceeding *in forma pauperis*, the Court must screen his complaint and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B).

To determine whether a complaint states a claim upon which relief may be granted, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal, the complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II.     The Complaint

Mr. Harris names five defendants in the complaint: (1) the Indiana Parole Board, (2) Indianapolis Counseling Center, (3) River City Polygraph, (4) GEO Group, and (5) Liberty Behavioral Health Corp. He seeks compensatory and punitive damages.

Mr. Harris was convicted in September 2005 of multiple counts of child molesting in Indiana state court, but he does not admit guilt to the offenses.[1] He was released in October 2016 and is now on parole, but he alleges that he lost 156 days of "good time" credit because he would not admit guilt to the offenses.

He further alleges that in March 2015, an officer employed by GEO Group threw away his legal documents. In May 2016, another officer employed by GEO Group wrote a false statement about him. In August 2018, after Mr. Harris had been released, a police officer took legal documents from Mr. Harris's car, took photos of the documents, and then destroyed them.

Without naming particular defendants, Mr. Harris alleges that "Defendants" have denied him access to the courts, denied him access to counsel, forced him to pay $175 every three months to take a polygraph exam, and forced him to wear a GPS.

## III.     Discussion

Mr. Harris does not identify a vehicle for his claim, but he seeks damages for constitutional violations by defendants acting under color of state law. So his claims are necessarily brought pursuant to 42 U.S.C. § 1983. *Cf. L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) ("To state a claim under § 1983, a plaintiff must allege the violation of a right

---

[1] The Court takes notice of the online docket in *State v. Harris*, No. 89C01-0301-FC-000001, which is available by search at https://public.courts.in.gov/mycase/#/vw/Search.

secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.").

The Indiana Parole Board is not subject to a suit for damages under § 1983. *Barnes v. Bd. of Trs. of Univ. of Ill.*, 946 F.3d 384, 391 (7th Cir. 2020); *see de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 564−65 (7th Cir. 2019) (damages suit against state agency barred by Eleventh Amendment unless Congress has abrogated the states' immunity by statute). So all claims against the Indiana Parole Board are **dismissed** for failure to state a claim upon which relief may be granted and because they seek monetary relief against a defendant who is immune from such relief.

The remaining defendants are all private companies. Mr. Harris may not recover damages from any of these defendants under 42 U.S.C. § 1983 unless he shows that his constitutional injury resulted from the defendant's unconstitutional official policy, widespread practice, or a decision by a final decisionmaker. *Glisson v. Ind. Dep't of Corr.*, 849 F.3d 372, 379 (7th Cir. 2017); *see Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690−91 (1978)). But Mr. Harris does not allege that any of these defendants applies an unconstitutional policy or custom that caused his injuries. Indeed, for most of his claims, he does not even identify which defendant is responsible for which injury. Accordingly, all claims against Indianapolis Counseling Center, River City Polygraph, GEO Group, and Liberty Behavioral Health Corp. are **dismissed** for failure to state a claim upon which relief may be granted.

### IV.    Leave to File an Amended Complaint

Mr. Harris's claims are all dismissed, but the Court will not yet dismiss this action. Instead, Mr. Harris will have **through September 24, 2021**, to file an amended complaint. Failure to file a viable amended complaint by this deadline will result in dismissal without further notice.

Any amended complaint should have the proper case number, No. 1:21-cv-00956-TWP-DML, and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original, so it must set out every defendant, claim, and factual allegation that Mr. Harris wishes to pursue in this action. The complaint must also include the relief Mr. Harris seeks.

## V.     Pending Motions

Mr. Harris's "motion on bias and actions taken by the state court and defendants against Bradley L. Harris under state court," dkt. [9], is **denied** because the motion does not request any relief. If Mr. Harris wishes to make additional allegations against the defendants, he must do so in an amended complaint.

Mr. Harris's motion for court assistance, dkt. [10], and motion for court to assist with service of summons, dkt. [11], are **denied**. If Mr. Harris files a viable amended complaint, the Court will assist with service of any appropriate defendants. Mr. Harris need not file a motion for this assistance.

## VI.     Conclusion

Mr. Harris's complaint is **dismissed** for failure to state a claim upon which relief may be granted. He shall have **through September 24, 2021**, to file an amended complaint.

Mr. Harris's "motion on bias," dkt. [9], and motions for court assistance, dkts. [10] and [11], are **denied**.

**SO ORDERED.**

Date:   8/18/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

BRADLEY J. HARRIS
329 W. Church St.
Cambridge City, IN 47327