UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRADLEY J. HARRIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:21-cv-00956-TWP-DML |
| INDIANA PAROLE BOARD, et al. | ) ) ) |
| Defendants. | ) |

**Order Screening Amended Complaint, Dismissing Deficient Claims,
and Directing Plaintiff to Notify Court**

Plaintiff Bradley J. Harris brings this civil rights action alleging that the defendants wrongly penalized him for refusing to admit guilt to a sex offense for which he was convicted and sentenced to prison. The Court screened and dismissed Mr. Harris's complaint. Mr. Harris has filed an amended complaint that is now subject to screening.

### I.      Screening Standard

Because Mr. Harris is proceeding *in forma pauperis*, the Court must screen his amended complaint and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). At screening, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal, a complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II.     The Amended Complaint

In his 31-page complaint, Mr. Harris names 16 defendants[1] and alleges a wide range of conduct from March 2015 to the present. The Court presents the allegations, to the extent possible, in chronological order. For purposes of screening, the Court treats the allegations as true.

Mr. Harris was convicted in September 2005 of multiple counts of child molesting in Indiana state court, but he does not admit guilt to the offenses.[2] He was released in October 2016 and is now on parole, but he lost 157 days of sentencing credit because he would not admit guilt.

In March 2015, defendants Officer Craver and Officer Carrico, both employees of defendant GEO Group, destroyed Mr. Harris's legal documents, preventing him from challenging his 2005 conviction and proving his innocence.

In April and May 2016, when Mr. Harris was in custody at New Castle Correctional Facility, defendants Dr. Hofman and L. Stites filed a report of conduct against Mr. Harris because he would not admit guilt to the offenses for which he was convicted. As a result, Mr. Harris lost 157 days of sentence credit. Dr. Hofman and L. Stites were employed by defendant Liberty Behavioral Health Corporation. New Castle Correctional Facility was operated by GEO Group.

In May 2016, defendant Officer Thompson, a GEO Group employee, made a "dishonourable statement" against Mr. Harris on a state form.

---

[1] The named defendants are (1) Victor Guarisco, (2) Agent Unknown number one female, (3) Agent Unknown number two male, (4) Indiana Parole District #7, (5) Dr. Hofman, (6) L. Stites, (7) Chris Radican, (8) Liberty Behavioral Health Corporation, (9) Officer Craver, (10) Officer Carrico, (11) Officer Thompson, (12) GEO Group, (13) Ron Smith, (14) Indianapolis Counseling Center, (15) Garland Bridges, and (16) River City Polygraph.

[2] The Court takes notice of the online docket in *State v. Harris*, No. 89C01-0301-FC-000001, which is available by search at https://public.courts.in.gov/mycase/#/vw/Search.

In April 2017, defendant Ron Smith, employed by defendant Indianapolis Counseling Center, threatened to violate Mr. Harris's parole if he did not stop all legal actions related to the Indiana Sex Offender Management and Monitoring program.

In August 2018, defendants Victor Guarisco and two unknown officers entered Mr. Harris's home at gunpoint, restrained him, touched his genitals, and photographed him. Officer Guarisco threatened Mr. Harris to stop all legal actions.

From 2017 through 2021, defendant Garland Bridges, employed by defendant River City Polygraph, failed Mr. Harris on every polygraph examination because Mr. Harris refused to admit guilt to the offenses for which he was convicted and refused to answer questions about ongoing litigation. Mr. Harris had to pay $175 per polygraph examination. Mr. Bridges now will not give Mr. Harris a polygraph examination, so Mr. Harris has to pay $200 per polygraph examination from a different contractor. Defendants Victor Guarisco, Chris Radican, and Ron Smith require Mr. Harris to take the polygraph examinations.

Since Mr. Harris's release from prison in October 2016, defendants Victor Guarisco, Chris Radican, Ron Smith, and Garland Bridges have forced him to wear a GPS monitor because Mr. Harris will not admit guilt to the offenses for which he was convicted.

Mr. Harris believes the defendants are "working in a joint manner to force [him] to admit guilt." Dkt. 14 at 25. He seeks compensatory and punitive damages.

### III.   Discussion

#### A.   Fifth Amendment Claims

All claims alleging a violation of Mr. Harris's Fifth Amendment privilege against self-incrimination are **DISMISSED** for failure to state a claim upon which relief may be granted.

As relevant here, the Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." Contrary to common belief, an improperly obtained confession alone does not violate the Fifth Amendment. Instead, "a self-incrimination violation occurs (if at all) when a suspect's unlawfully obtained inculpatory statement is used against him in a criminal case." *Johnson v. Winstead*, 900 F.3d 428, 434 (7th Cir. 2018). The courts have also developed a set of prophylactic rules to safeguard the core Fifth Amendment protection. *Chavez v. Martinez*, 538 U.S. 760, 770−73 (2003).

Mr. Harris does not allege that an involuntary confession has been used against him in a criminal case. Instead, he alleges that the defendants have tried and failed to compel him to confess. Such compulsion, if proven, would indeed violate a court-created rule designed to safeguard the Fifth Amendment privilege. *See Lacy v. Butts*, 922 F.3d 371, 377 (7th Cir. 2019) (holding that denial of sentencing credits based on failure to admit to past offenses "compels self-incrimination in contravention of the Fifth Amendment" (emphasis removed)).

But Mr. Harris necessarily brings his suit pursuant to 42 U.S.C. § 1983, which provides a statutory remedy for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. And while § 1983 provides a damages remedy for constitutional violations, it provides no such remedy for violations of rules created by the courts to safeguard constitutional rights. *Chavez*, 538 U.S. at 772. Thus, a plaintiff may not bring a Fifth Amendment claim for damages under § 1983 based on an alleged coerced confession that has not been used in a criminal case. *Id.*; *Allison v. Snyder*, 332 F.3d 1076, 1080 (7th Cir. 2003) ("[C]ourts may not award damages against investigators who wrongfully induce suspects to supply incriminating information that is never used in a criminal prosecution.").

This case presents a slightly different fact pattern than that presented in *Chavez*. Mr. Harris does not allege that he has been forced to confess; he alleges that he has remained silent in the face of the defendants' pressure to confess and that he has been penalized for it. The Seventh Circuit has not addressed a case presenting this scenario, but several other circuits have held that a plaintiff has no claim for damages under the Fifth Amendment in such circumstances. *Chavez v. Robinson*, 12 F.4th 978, 992 (9th Cir. 2021); *Entzi v. Redmann*, 485 F.3d 998, 1002 (8th Cir. 2007); *Burrell v. Virginia*, 395 F.3d 508, 513−14 (4th Cir. 2005).

The Sixth Circuit held to the contrary in *Moody v. Michigan Gaming Control Bd.*, 790 F.3d 669 (6th Cir. 2015), but this Court does not find the reasoning in *Moody* persuasive. The opinion identifies the distinction between a plaintiff who has been coerced to confess, as in *Chavez*, and one who has been sanctioned for failing to confess, as here. *See Moody*, 790 F.3d at 675 ("In *Chavez*, the underlying plaintiff did answer the police officer's questions; the state did not use those answers to incriminate him. . . . Here, the harness drivers *declined* to answer questions, standing on their rights not to incriminate themselves."). But the opinion fails to explain why this distinction makes a difference.

Regardless of whether a plaintiff confesses or holds out in the face of coercion, there is no Fifth Amendment violation until the plaintiff has been forced to testify against himself in a criminal case. *See Johnson*, 900 F.3d at 434. And without a completed Fifth Amendment violation, damages are unavailable. *Id.*; *Allison*, 332 F.3d at 1080.

In the amended complaint's prayer for relief, Mr. Harris seeks only damages. Dkt. 14 at 29−30. But "the demand [for relief] is not itself a part of the plaintiff's claim." *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002). So even though Mr. Harris "is seeking relief to which he's not entitled, this [does] not justify dismissal of the suit." *Id.* Instead, the Court will provide

5

Mr. Harris an opportunity to proceed on a Fifth Amendment claim for injunctive relief. *See id.* ("It would be appropriate and indeed quite sensible for a judge confronting a complaint that does not demand proper relief to ascertain whether the plaintiff wants the improper relief sought in the complaint or nothing.").

### B.     First and Fourth Amendment Claims

Mr. Harris alleges facts that suggest he intends to raise First Amendment claims for lack of access to courts and Fourth Amendment claims for unlawful search and seizure. Any such claims are **DISMISSED** as frivolous because they are barred by the relevant statute of limitations.

"It is, of course, 'irregular' to dismiss a claim as untimely under Rule 12(b)(6). . . . However, . . . dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads [himself] out of court by alleging facts that are sufficient to establish the defense." *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006) (internal citations omitted); *see also Koch v. Gregory*, 536 F. App'x 659, 660 (7th Cir. 2013) (affirming dismissal at screening based on statute of limitations). Dismissal is appropriate here.

The statute of limitations to bring a claim under 42 U.S.C. § 1983 is determined by state law. *Wallace v. Kato*, 549 U.S 384, 387 (2007). In Indiana, the applicable statute of limitations period is two years. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); Ind. Code § 34-11-2-4.

Mr. Harris alleges that defendant Officer Carrico destroyed his legal documents when Mr. Harris was in prison in March 2015. He alleges that defendant Ron Smith threatened in April 2017 to violate his parole if he did not stop all legal actions related to the Indiana Sex Offender Management and Monitoring program. And he alleges defendant Victor Guarisco and two others entered his home at gunpoint, destroyed his legal work, and threatened him in August

6

2018. All of these events allegedly occurred more than two years before Mr. Harris filed his amended complaint in August 2021 (or his original complaint in April 2021). Any claims based on these allegations are therefore barred by the statute of limitations.

### IV.     Opportunity to Proceed on Claim for Injunctive Relief

Mr. Harris's claims for damages based on Fifth Amendment violations are **DISMISSED** for failure to state a claim upon which relief may be granted. Any claims based on the First and Fourth Amendment are **DISMISSED** as frivolous because they are barred by the statute of limitations.

The amended complaint does not seek injunctive relief, but Mr. Harris's only potentially viable claim is a Fifth Amendment claim for injunctive relief. Mr. Harris shall have **through November 19, 2021**, to notify the Court whether he wishes to proceed on a claim for injunctive relief. If he wishes to proceed seeking only injunctive relief, the Court will screen the Fifth Amendment claim pursuant to 28 U.S.C. § 1915(e)(2)(B). If he insists on "damages or nothing," the Court will dismiss this action and enter final judgment so he may file a notice of appeal.

**IT IS SO ORDERED.**

Date:   10/19/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

BRADLEY J. HARRIS
329 W. Church St.
Cambridge City, IN 47327