UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRADLEY J. HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-00956-TWP-DML |
| ) | |
| INDIANA PAROLE BOARD, et al. ) | |
| ) | |
| Defendants. ) | |

**Order Screening Amended Complaint, Dismissing Deficient Claims,
and Directing Issuance and Service of Process**

Plaintiff Bradley J. Harris ("Mr. Harris") brings this civil rights action alleging that the defendants wrongly penalized him for refusing to admit guilt to a sex offense for which he was convicted and sentenced to prison. The Court screened Mr. Harris's amended complaint, dismissed all claims for damages, and directed Mr. Harris to notify the Court whether he intended to proceed on claims for injunctive relief. Mr. Harris has so notified the Court, and the Court now screens the remaining claims.

**I.     Screening Standard**

Because Mr. Harris is proceeding *in forma pauperis*, the Court must screen his amended complaint and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). At screening, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal, a complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. Screening the Amended Complaint

Mr. Harris was convicted in September 2005 of multiple counts of child molesting in an Indiana state court, but he does not admit guilt to the offenses.[1] As relevant to his Fifth Amendment claim, Mr. Harris alleges that he is required to take—and pay for—polygraph examinations as a condition of parole because he will not admit guilt to the offenses for which he was convicted. He argues that this parole condition violates his Fifth Amendment privilege against self-incrimination.

Mr. Harris's claim shall proceed against the Indiana Parole District #7 for injunctive relief only. This is, in effect, a suit against the State of Indiana that may be brought under *Ex parte Young*, 209 U.S. 123 (1908). All claims against all other defendants[2] are dismissed for failure to state a claim upon which relief may be granted. *See* dkt. 15 (dismissing all claims).

## III. Conclusion

Mr. Harris's Fifth Amendment claim **SHALL PROCEED** against Indiana Parole District #7 for injunctive relief only. The **clerk is directed** to add Indiana Parole District #7 as a defendant on the docket.

Mr. Harris's motion for assistance with service of summons, dkt. [11], is **GRANTED** to the extent that the **clerk is directed** to issue process to Indiana Parole District #7. *See* Fed. R. Civ. P. 4(c)(3), 4(d). Process shall consist of the amended complaint, dkt. [14], the Court's screening order

---

[1] The Court takes notice of the online docket in *State v. Harris*, No. 89C01-0301-FC-000001, which is available by search at https://public.courts.in.gov/mycase/#/vw/Search.

[2] The amended complaint names 16 defendants: (1) Victor Guarisco, (2) Agent Unknown number one female, (3) Agent Unknown number two male, (4) Indiana Parole District #7, (5) Dr. Hofman, (6) L. Stites, (7) Chris Radican, (8) Liberty Behavioral Health Corporation, (9) Officer Craver, (10) Officer Carrico, (11) Officer Thompson, (12) GEO Group, (13) Ron Smith, (14) Indianapolis Counseling Center, (15) Garland Bridges, and (16) River City Polygraph. The original complaint also named (17) the Indiana Parole Board.

dated October 19, 2021, dkt. [15], this Order, and applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons).

All other claims are **DISMISSED** for failure to state a claim upon which relief may be granted. The **clerk is directed** to terminate the following defendants from the docket: (1) Indiana Parole Board; (2) Indianapolis Counseling Center; (3) River City Polygraph; (4) GEO Group; and (5) Liberty Behavioral Health Corp.

**IT IS SO ORDERED.**

Date: 12/16/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

BRADLEY J. HARRIS
329 W. Church St.
Cambridge City, IN 47327

INDIANA PAROLE DISTRICT #7
1001 Van Nuys Road
New Castle, IN 47362

OFFICE OF THE INDIANA ATTORNEY GENERAL
Indiana Government Center South
302 W. Washington St., 5th Floor
Indianapolis, IN 46204